IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT S. PIERCE,<br><br>    Plaintiff,<br><br>vs.<br><br>TIM BARKELL, BILL SATHER,<br>STEVE BARCLAY, MALISSA<br>RAASAKKA, MR, a minor child, and<br>ANACONDA-DEER LODGE<br>COUNTY,<br><br>    Defendants. | CV 15-71-BU-BMM-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court are Plaintiff Robert Pierce's (1) motion to stay this civil action pending final disposition of his appeal with the Montana Supreme Court in his underlying criminal matter, (2) motion to dismiss Defendant Malissa Raasakka's counterclaim, and (3) Fed. R. Civ. P. 56 motion for summary judgment of default against Defendant MR, a minor child.

Also before the Court are (1) Defendant Malissa Raasakka's Fed. R. Civ. P. 12(b)(5) motion to dismiss for lack of personal jurisdiction due to insufficient service of process, (2) Defendant MR's motion to dismiss, (3) Defendants Tim Barkell, Bill Sather and Steve Barclay's Fed. R. Civ. P. 56 motion for summary

1

judgment, and (4) Defendant Anaconda-Deer Lodge County's Fed. R. Civ. P. 56 motion for summary judgment.

For the reasons discussed, the Court concludes Pierce's federal claims advanced in this action are barred under authority of *Heck v. Humphrey*, 512 U.S. 477 (1994), and this action must be dismissed.

## I. Background

Pierce is appearing pro se in this civil action. He filed this lawsuit following his criminal convictions in the Montana Third Judicial District Court, Deer Lodge County for sexual intercourse without consent and sexual assault committed against Defendant MR, a minor child. In general, Pierce alleges all Defendants conspired with respect to the criminal investigation and prosecution of the referenced criminal charges which Pierce alleges were either fabricated or unsubstantiated. Specifically, he contends that MR and/or Defendant Malissa Rasakka made false accusations of sexual misconduct against Pierce which ultimately led to his criminal prosecution and conviction.

In February, 2012, MR allegedly developed a false story accusing Pierce of engaging in inappropriate sexual contact with her. MR told her mother, Malissa Raasakka, about the contact, and Raasakka told Bill Sather, an Anaconda-Deer Lodge County law enforcement officer. Eventually, county law enforcement officers Tim Barkell and Steve Barclay were also notified of MR's accusations.

2

Sather, Barkell and Barclay were each involved in investigating MR's accusations for the purpose of pursuing criminal charges against Pierce. In Pierce's complaint he recites numerous excerpts of statements about the investigation made by Barkell, Barclay and Sather, and excerpts of testimony from certain witnesses regarding their personal knowledge of MR's accusations. Pierce identifies what he perceives as discrepancies in those statements and testimonies.

Pierce alleges Defendants violated various of his rights protected under the United States Constitution during the course of both their investigation and their prosecution of the criminal charges against Pierce. Specifically, he alleges Defendants' defective/inadequate investigations and their concealment of facts relative to his guilt or innocence deprived him of his due process rights, his right against self-incrimination, and his right against unlawful arrest under the Fifth and Fourteenth Amendments to the Constitution.[1] He alleges Defendants also violated his right to equal protection of the law guaranteed under the Fourteenth Amendment. In support of his claims he asserts Defendants caused false and misleading evidence relative to the criminal charges to be introduced against him into the criminal justice system, and that Defendants also prevented the

---

[1] An unlawful arrest would be a violation of the Fourth Amendment, but Pierce cites only to the Fifth Amendment. But Pierce confirms he is not maintaining a claim of unlawful arrest against any of the named Defendants. (Doc. 57-1 at 14 of 19 (March 16, 2016 Deposition of Robert Pierce).) Rather Pierce clarifies that MR made false accusations against him on which his arrest was predicated.

introduction of facts that would have allowed for a fair evaluation of all of the evidence about his criminal conduct. As a result Pierce alleges he has experienced anxiety, mental suffering, loss of business and income, and loss of future earnings. And as a result of Defendants' pursuit of the criminal investigation and charges, Pierce alleges they are liable for defamation of his character and name.

Invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331, Pierce advances his federal claims under authority of 42 U.S.C. § 1983. Pierce also advances claims under Montana law which fall within this Court's supplemental jurisdiction provided at 28 U.S.C. § 1367(a).

## II.  Applicable Law – Fed. R. Civ. P. 56 Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

In general, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986). This means that "[p]ro se litigants must follow

the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 576 (9th Cir. 1987). Nevertheless, in the summary judgment context, courts are to construe pro se documents liberally and give pro se litigants the benefit of any doubt. *Erickson v. Pardus* 551 U.S. 89, 94 (2007); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984)).

**III.** **Discussion**

    **A.** **Pierce's Criminal Convictions Bar this Action**

Following his conviction pierce was sentenced to a term of incarceration at the Montana State Prison. Pierce filed a direct appeal of his convictions with the Montana Supreme Court. The parties agree that Pierce's appeal is still pending.

In view of Pierce's convictions, Defendant MR moves to dismiss, and Defendants Barkell, Sather and Barclay move for summary judgment dismissing, all of Pierce's federal claims advanced in this action on the ground that the claims, if successful, would imply that Pierce's criminal convictions are invalid. Therefore, under authority of *Heck v. Humphrey*, 512 U.S. 477 (1994), Defendants argue that all of Pierce's federal claims are barred from prosecution at this time as a matter of law. For the reasons discussed the Court agrees.

In *Heck* the United States Supreme Court established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would

5

necessarily imply that plaintiff's existing criminal conviction or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal conviction or sentence invalid, the plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through state court appellate procedures or a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. Therefore, to determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff:

> would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11 (9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful, invalidate the plaintiff's criminal conviction).

Here, the substantive assertion at the bottom of all of Pierce's allegations and claims is that all Defendants engaged in inappropriate, unlawful, or unconstitutional conduct which resulted in his criminal convictions. Pierce confirms that his "complaint is based on a conspiracy between all Defendants to cause an illegal prosecution." (Doc. 40 at 2.) Review of Pierce's filings reflects that all of the claims he advances in his complaint raise questions about (1) the veracity of witnesses' statements on which the criminal investigation and

prosecution proceeded, (2) the integrity, trustworthiness, and accuracy of the criminal investigations conducted, and reported, by the investigating officers – Sather, Barclay, and Barkell, and (3) the propriety of the investigative procedures/techniques employed by Defendants, including concealing reports, influencing witnesses or witness tampering, and the fabrication or falsification of statements and evidence against Pierce. Pierce argues extensively about discrepancies in witnesses' statements and in the reports of the law enforcement officers' investigative findings. The import of all of Pierce's allegations and arguments regarding the flawed investigation and improper criminal prosecution is to suggest he was wrongfully convicted of the sexual offenses. If Pierce succeeded on any of his claims, that success would necessarily imply that one or both of his convictions are invalid – a result which *Heck* indisputably prohibits.

Pierce has not demonstrated that either of his criminal convictions has been invalidated through appropriate legal action. Rather, Pierce acknowledges his direct appeal of his criminal convictions is still pending. Therefore, at this time *Heck* bars Pierce from pursuing his federal claims in this section 1983 action which, if successful, would imply that his convictions are invalid. This action must be dismissed.

### B.    State Law Claims - Supplemental Jurisdiction

Pierce references numerous grounds under Montana law on which he

7

advances legal claims. But since the Court recommends dismissal of all of Pierce's federal claims under 42 U.S.C. § 1983, it must consider whether it should decline to exercise supplemental jurisdiction over Pierce's remaining claims plead under Montana law.

Federal law provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors[...] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Pierce's state law claims go hand-in-hand with his federal claims which necessarily imply his criminal convictions are invalid. Although there may not exist a doctrine under Montana law similar to the bar imposed in *Heck*, the issue of

whether Pierce's state law claims should be so barred is a matter of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana. Therefore, because the Court recommends dismissal of Pierce's federal claims, it is recommended that the Court should decline to exercise supplemental jurisdiction over Pierce's claims under Montana law. 28 U.S.C. § 1367(c)(3).

### C. Other Pending Motions

Pierce filed a motion requesting the Court stay this civil action pending the resolution of his direct appeal. But the bar to Pierce's claims established in *Heck* requires that his claims "must be dismissed", and there exists no legal authority to stay this action, rather than dismiss it, in hopes of a disposition of Pierce's appeal that is favorable to him. Therefore, Pierce's motion to stay is denied.

Pierce also moves for summary judgment entering a default against MR on the grounds that she has not filed an answer to his complaint, and she has not answered his discovery requests submitted to her. But there exists no legal authority for a summary judgment default on the grounds identified by Pierce. Furthermore, even if the Court were to construe Pierce's motion as presented under authority of Fed. R. Civ. P. 55, a default against MR could not be sustained due to the legal bar imposed under *Heck* as discussed. Finally, Pierce's initial remedies for an opposing party's failure to respond to discovery requests are found in Fed. R. Civ. P. 37, not through the Rule 56 summary judgment proceedings.

9

Therefore, Pierce's summary judgment motion for default against MR should be denied.

Defendant Raasakka moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for lack of personal jurisdiction due to insufficient service of process. She argues Pierce has not properly effected service of process upon her. But Raasakka's motion is now moot in view of the recommended dismissal of this action under *Heck*.

Pierce moves to dismiss Defendant Raasakka's counterclaims pled against him on the ground that Rasakka never properly served those counterclaims on him. Specifically, he argues that since Raasakka contends she was not properly served with Pierce's complaint in the first instance, then she could not have been in a legal position to assert her own counterclaims in response.

Raasakka responds to Pierce's motion noting that her "counterclaims" consisted only of her request to recover attorneys fees and costs incurred in responding to this action if this action is ultimately dismissed. (*See* Doc. 11-1 (Raasakka's counterclaim pleading).) Based on Raasakka's response, and the content of her "counterclaim", the Court concludes Raasakka has not plead any affirmative legal counterclaim against Pierce. The issue of whether Raasakka is entitled to the recovery of attorneys fees and costs in this action would have to be the subject of a motion to be presented to the Court at a later date. Therefore,

Pierce's motion to dismiss Rasakka's counterclaim should be denied as moot since Rasakka has not advanced a counterclaim.

Finally, Defendant Anaconda-Deer Lodge County moves for summary judgment dismissing all of Pierce's claims on their merits. But since this action is entirely barred under the doctrine established in *Heck*, the County's summary judgment motion on the merits is moot, and should be denied.

## **IV.** **Conclusion**

Based on the foregoing, IT IS HEREBY RECOMMENDED that (1) Defendant MR's motion to dismiss based on *Heck* be GRANTED; and (2) Defendants Sather, Barclay, and Barkell's motion for summary judgment based on *Heck* be GRANTED. This action should be DISMISSED.

IT IS FURTHER RECOMMENDED that both (1) Defendant Anaconda-Deer Lodge County's motion for summary judgment, and (2) Defendant's Raasakka's Fed. R. Civ. P. 12(b)(5) motion to dismiss for lack of personal jurisdiction be DENIED as moot in view of the recommended dismissal of this entire action.

IT IS FURTHER RECOMMENDED that Pierce's summary judgment motion for default against MR be DENIED, and that Pierce's motion to dismiss Rasakka's "counterclaims" be DENIED as moot since Rasakka did not plead a counterclaim – she only requested recovery of her attorneys fees and costs if this

11

action is dismissed.

Finally, IT IS ORDERED that Pierce's motion requesting a stay of this action is DENIED.

DATED this 30th day of June, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge