# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| ROBERT S. PIERCE,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIM BARKELL, BILL SATHER, STEVE BARCLAY, MALISSA RAASAKKA, MR, a minor child, and ANACONDA-DEER LODGE COUNTY,<br><br>                    Defendants. | CV-15-71-BU-BMM<br><br>**ORDER** |

Plaintiff Robert Pierce (Pierce) filed this lawsuit in the Montana Third Judicial District Court, Anaconda-Deer Lodge County, following his criminal convictions in that court for sexual intercourse without consent and sexual assault. (Doc. 9). Pierce asserts federal claims under 42 U.S.C. § 1983 as well as state law claims.

Pierce alleges that the Defendants conspired against him with respect to the investigation and prosecution of the referenced crimes. Pierce claims that Defendants MR and Malissa Raasakka violated his constitutional rights by making false accusations of sexual misconduct against him. Pierce claims that Defendants Tim Barkell, Bill Sather and Steve Barclay violated his constitutional rights by

conducting defective investigations. Defendants Barkell, Sather and Barclay removed the action here under 28 U.S.C. §§ 1331 and 1441. (Doc. 1).

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this matter on June 30, 2016. (Doc. 63). Judge Lynch recommended that this Court dismiss Pierce's § 1983 claims based upon the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Lynch further recommended that this Court decline to exercise supplemental jurisdiction over Pierce's state law claims. (Doc. 63 at 5-7, 9). Pierce filed objections to Judge Lynch's Findings and Recommendations on July 21, 2016. (Doc. 65). Defendants Anaconda-Deer Lodge County, Barkell, Sather, Barclay and MR filed timely responses to Pierce's objections. (Docs. 67, 68, 69). The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Court has reviewed Judge Lynch's Findings and Recommendations *de novo*. The Court finds no error in Judge Lynch's Findings and Recommendations, and adopts them in full.

    a.    **Pierce's § 1983 Claims**

The Supreme Court ruled in *Heck* that a plaintiff cannot prosecute a § 1983 claim for damages if the success of the claim necessarily would imply that the plaintiff's existing criminal conviction or sentence is invalid. *Heck*, 512 U.S. at

486-87. A plaintiff instead must first establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through state court appellate procedures or a writ of habeas corpus under 28 U.S.C. § 2254. *Id*; see also *Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11 (9th Cir. 2011) (affirming dismissal of § 1983 action that would, if successful, invalidate the plaintiff's criminal conviction). A plaintiff may pursue a § 1983 action only after having succeeded in invalidating the conviction or sentence.

All of Pierce's § 1983 claims are grounded on an assertion that the Defendants engaged in unconstitutional conduct which resulted in his criminal convictions. Pierce challenges: (1) the veracity of the witnesses' statements on which the criminal investigation and prosecution proceeded; (2) the integrity, trustworthiness, and accuracy of the investigations conducted by Sather, Barclay and Barkell; and (3) the propriety of the investigative procedures and techniques employed by Sather, Barclay and Barkell. Pierce's success on any of his § 1983 claims necessarily would imply that one or both of his convictions are invalid. Pierce has appealed his criminal convictions. The parties agree that the appeal is pending before the Montana Supreme Court. *See* Doc. 63 at 5. *Heck* prohibits Pierce from pursuing his § 1983 claims at this time. *Heck*, 512 U.S. at 486-87.

### b. Pierce's State Law Claims

The Court must decide whether it should exercise supplemental jurisdiction over Pierce's state law claims given its decision to dismiss Pierce's § 1983 claims. Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary. A federal district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The Court may consider a number of factors in determining whether to exercise supplemental jurisdiction including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Pierce's state law claims, like his § 1983 claims, imply that his criminal convictions are invalid. The issue of whether Pierce's state law claims are barred under Montana law is a matter of state and local concern that should be resolved by a Montana state court. This Court therefore finds it appropriate to decline to exercise supplemental jurisdiction over Pierce's state law claims. 28 U.S.C. § 1367(c)(3).

Accordingly, IT IS ORDERED:

1. Defendant MR's Motion to Dismiss based on *Heck* (Doc. 35) is GRANTED.

2. Defendants Sather, Barclay and Barkell's Motion for Summary Judgment based on *Heck* (Doc. 48) is GRANTED.

3. All of Pierce's § 1983 claims are DISMISSED.

4. Defendant Anaconda-Deer Lodge County's Motion for Summary Judgment (Doc. 55) is DENIED as moot given the Court's rulings.

5. Defendant Raasakka's Motion to Dismiss for lack of personal jurisdiction (Doc. 33) is DENIED as moot given the Court's rulings.

6. Pierce's Motion for Summary Judgment seeking default against MR (Doc. 45) is DENIED.

7. Pierce's Motion to Dismiss Defendant Raasakka's "Counterclaim" is DENIED as moot. Raasakka has not pled an affirmative legal counterclaim against Pierce. *See* Doc. 42 at 2-3. Raasakka has clarified that the document she filed *pro se* in state court entitled "Counterclaim" was not a counterclaim but rather notice of her intention to seek attorneys fees and costs if this action is dismissed. *Id*.

8. Pierce's state law claims are remanded to the Montana Third Judicial District Court, Anaconda-Deer Lodge County, for further proceedings.

DATED this 31st day of August, 2016.

_____
Brian Morris
United States District Court Judge